### SORNA v. VILLAGE OF MAPLE HEIGHTS et.

Ohio Appeals, 8th Dist., Cuyahoga Co.

J. DeKaiser, Cleveland, for Sorna.

Locher, Green & Woods, Cleveland, for Maple Heights et.

Howell, Roberts & Duncan, Cleveland, for Highway Const Co.

829. NEGLIGENCE—1113. Streets and Alleys—225. Charge of Court.

1. Crossing cross-walk known to be dangerous, not negligence per se. Duty to exercise added caution commensurate with danger.

2. Person not knowing of danger at crosswalk, has right to appear thereon, and is held to ordinary care only.

3.   Evidence that plaintiff attempted to cross over excavation instead of walking around excavation through puddle of water to get onto road which was much traveled, involving danger, made case for jury. Instruction inferring plaintiff guilty of contributory negligence, held erroneous.

4.   Answer by judge to written request by jury for further instructions, held confusing and erroneous.

**VICKERY, J.**

1.   Person, knowing of dangerous condition of street crossing, is not necessarily guilty of negligence, which would prevent recovery in crossing over dangerous cross-walk, but is only under duty to exercise added caution commensurate with danger.

2.   In action for injuries caused by negligence of village and highway construction company in maintaining excavation at street crossing, plaintiff, not knowing of danger, had right to appear on cross-walk, and is held to ordinary care only.

3.   In action against village for injuries caused by negligent maintenance of excavation at street crossing, evidence showing plaintiff attempted to cross over excavation instead of walking around excavation on road, which would have necessitated going through puddle of water to get onto road, which was much traveled, and involved danger, made case for jury whether plaintiff was guilty of negligence contributing to her injury in going as she did, and instruction inferring that plaintiff was guilty of contributory negligence in failing to go on road was error.

4.   In action against village for injury from negligent maintenance of excavation at crossing, where jury made written request, stating it agreed that crossing was dangerous, and that plaintiff was not aware of danger, but questioning whether ignorance of danger excused plaintiff from negligence, answer by judge containing statement based partly on plaintiff's knowledge of danger was confusing and erroneous.

(Sullivan, PJ., and Levine, J., concur.)

For reference to full opinion, see Omnibus Index, last page, this issue.